DICUS *v.* REPUBLIC PAINT & VARNISH WORKS.

[90 South. 729, No. 22431.]

ACCOUNT, ACTION ON. *Statute requiring affidavit on actual knowledge held not complied with by affidavit on information and belief.*

Under section 1978, Code 1906 (section 1638, Hemingway's Code) which provides that a person desiring to insitute suit upon an open account in his favor may make affidavit to 'he correctness of such account, and that it is due from the party against whom it is charged, and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment, the account must be sworn to upon the actual knowledge of affiant, and not upon information and belief. The affidavit upon information and belief in such case is not a compliance with this statute.

APPEAL from circuit court of Union county.

HON. W. A. ROANE, Judge.

Suit by F. M. Dicus against the Republic Paint & Varnish Works. Judgment for defendant, and plaintiff appeals. Affirmed.

*Bozeman & Cameron,* for appellant.

*Currie & Currie* and *J. W. Cassedy,* for appellee.

Sykes, P. J., delivered the opinion of the court.

The appellant, Dicus, brought suit in the circuit court against the appellee, Republic Paint & Varnish Works, for a balance on account alleged to be due appellant by appellee. The appellant had been employed by the appellee as a district sales manager in Mississippi and salesman in Tennessee. The contract of employment is attached to the declaration, and under it upon certain articles sold the appellant was allowed a less price of ten cents a gallon in Mississippi that on the same commodity in Tennessee. Attached to the declaration is an itemized account, claimed to be sworn to by appellant. There was no counter affidavit denying the correctness of this account or any part thereof. The defendant below (appellee) pleaded the general issue. At the trial of the cause the plaintiff offered in testimony his itemized account with exhibits thereto consisting of the contract of employment and price list of goods to salesmen, and then made a motion for a peremptory instruction because of the failure of defendant to file a counter affidavit denying the account or any part thereof, which motion by the court was overruled, and which presents the first assignment of errors. The affidavit to the account was made by the appellant, Dicus.

It in part says: "That to the best of his information and belief the foregoing and attached account is true and correct as stated and is due and unpaid."

In other words this account is not sworn to as being of the personal knowledge of affiant, but is an affidavit on information and belief. Section 1978, Code of 1906 (section 1638, Hemingway's Code), provides that:

"A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against

whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment," etc.

The affidavit required under this statute to entitle a party to judgment must be made upon his knowledge. A witness cannot even testify in court upon his information and belief, but must testify to those facts of which he has knowledge. Consequently this affidavit amounts to nothing. It has been held by this court that the rule in chancery which requires more than the testimony of one witness to overthrow the allegations of a sworn answer denying the allegations of a bill only applies when the denials are positive, and does not apply to a denial upon information and belief, *Toulme* v. *Clark,* 64 Miss. 471, 1 So. 624; *Snell* v. *Fewell,* 64 Miss. 655, 1 So. 908.

Though section 1011, Code of 1906 (section 731, Hemingway's Code), provides that, in all cases where the oath or affirmation of the party is required, such oath or affirmation may be made by his agent or attorney, and shall be as effectual for all purposes as if made by the party, this court has held that a bill in chancery, sworn to by the attorney of complainant, will not dispense with the rule requiring two witnesses, or one witness and corroborating circumstances, to overthrow the answer sworn to, as would be done if complainant himself swore to the bill. *Jacks* v. *Bridewell,* 51 Miss. 881; *Waller* v. *Shannon,* 53 Miss. 500.

Under this statute the affidavit must be positive and made upon the knowledge of affiant. The statute does not contemplate an affidavit made on information and belief. It therefore follows that the court was correct in overruling this motion.

The next assignment of error is that the court erred in refusing an instruction to the jury which told them in effect that the defendant was liable "for some commission

on the price of all paints sold under the contract and ten per cent, rebate." It was correct to refuse this instruction because on paints sold in the state of Tennessee the defendant was not liable for this ten per cent, rebate or reduction, and this instruction did not separate the paints sold in Mississippi and· in Tennessee. This instruction should have been refused, also, because instruction No. 3, given plaintiff, much more correctly and accurately covered the ground aimed ,at in the refused instruction.

The last assignment of error is that the court erred in granting the two instructions given the defendant. The first instruction is a mere statement of the fact that the burden of proof is upon the plaintiff, which was proper. The second instruction was to the effect that, if the jury believed from the evidence that the defendant had paid Dicus all it owed him, they should return a verdict for the defendant. Whether this instruction was correct or not ·makes no difference, for the reason that the jury returned a verdict for the plaintiff.

We find no reversible error in the assignment of errors. The judgment of the lower court is affirmed.

*Affirmed.*