260 So.2d 842 (1972)
Mrs. Teddie Lee SCOTT
v.
K-B PHOTO SERVICE, INC., et al.
No. 46627.
Supreme Court of Mississippi.
April 17, 1972.
*843 Garner, Whitten & Garner, Hernando, A. Cinclair May, Sardis, for appellant.
Walker, Franks, Rone & Bridgforth, Hernando, for appellees.
ROBERTSON, Justice.
Pursuant to the provisions of Section 1453, Mississippi Code of 1942 Annotated (Supp. 1971) (wrongful death statute), Mrs. Teddie Lee Scott, widow of Hammon F. Scott and Executrix of his estate, brought suit against K-B Photo Service, Inc., and Robert L. Scruggs, in the Circuit Court of DeSoto County for the wrongful death of Hammon F. Scott. She brought this suit as personal representative of his estate, for herself as his widow, and for and on behalf of their four adult children who, along with the plaintiff, were the sole heirs at law of Hammon F. Scott.
Scott at the time of his death was 81 years of age. He was driving his pickup truck south on U.S. Highway 51, about 1 mile south of Hernando, Mississippi, and was going slowly down a slight hill. Scruggs, driving a Plymouth Valiant belonging to K-B Photo Service, Inc., south on U.S. Highway 51, testified that he topped the hill at about 60 miles an hour, saw Scott down the hill apparently stopped on the highway, but couldn't avoid running into the rear of Scott's pickup truck causing it to go off the west side of the highway and turn over on its side. Scott was dead when he was removed from his truck. The jury returned a verdict for $6,718 in favor of the plaintiff.
Appellant contends that the verdict is inadequate because the trial court did not allow her to present evidence of the funeral expenses in the sum of $1,101, the $100 cost of a headstone, and $250 attorney's fees for probating the will and administering the estate of Hammon F. Scott, Deceased. The trial court ruled that these were postmortem expenses and were not proper items of damage under the wrongful death statute.
Appellant contends that funeral expenses, the cost of a headstone, and attorney's fees for administering the estate are covered by this general language of the statute:
"In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested *844 in the suit." § 1453, Miss.Code 1942 Annot.
§ 1453 opens with this language:
"Whenever the death of any person shall be caused by any real wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, . ." (Emphasis added).
It seems to us that the intent and purport of the statute was to largely limit damages to those that the injured person could have recovered if he had not died. To these could be added damages that his heirs might have suffered because of their personal relationship with the deceased, such as support and loss of companionship.
Section 1453 also provides:
"Damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, ..."
The heirs could not be required to pay funeral expenses out of the damages recovered under Section 1453.
On the other hand, Section 539, Mississippi Code 1942 Annotated (1956), specifically provides that funeral expenses shall be paid out of the assets of the estate. Section 539 recites in part:
"The goods, chattels, personal estate, choses in action, and money of the deceased, or which may have accrued to his estate after his death from the sale of property, real or personal, or otherwise, and the rent of lands accruing during the year of his death, whether he died testate or intestate, shall be assets, and shall stand chargeable with all the just debts and funeral expenses of the deceased, and the expenses of settling the estate; and the lands of the testator or intestate shall also stand chargeable for the debts and such expenses over and above what the personal estate may be sufficient to pay, and may be subjected thereto in the manner hereinafter directed." (Emphasis added).
We feel that, since funeral expenses are not specifically mentioned as an element of damages in our wrongful death statute, such expenses should not be recoverable in a statutory wrongful death action. We also attach some significance to the fact that such expenses are specifically made a charge against the estate of the deceased in an entirely different section of our statutory law.
A different situation might exist where a minor child has been wrongfully killed, because the father would be liable for the funeral expenses of his minor child and such expenses would be recoverable in an action at law against the father. Usually there are no other assets of a child's estate out of which the father could be reimbursed, and if the father were forced to pay funeral expenses out of damages recovered for the child's wrongful death, the purpose of the statute in exempting such damages from the payment of debts would be defeated.
We agree with the trial court that evidence of funeral expenses, the cost of a headstone, and attorney's fees for administering the estate, was not admissible because such expenses were not proper elements of damages under Section 1453, for the death of an adult kinsman.
The trial court was correct in sustaining appellee's objections to the introduction into evidence of pictures marked Exhibits 21 and 22 for identification. Many pictures were introduced into evidence and properly so, but Exhibits 21 and 22 for identification show only a part of the bottom of a car or truck and were not identifiable with Scott's truck. These two pictures would be of no help whatsoever to the jury.
The third assignment of error that the trial court erred in not directing a verdict *845 for appellant is not well taken and is, in fact, moot since the jury returned a verdict for the appellant.
The fourth assignment of error that "The Trial Court erred in refusing to allow Appellant's attorneys to read from the pleadings," to the jury is without merit. The pleadings were not evidence. The jury gets the facts from the witness stand, and the law from the court in the form of instructions.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.
RODGERS, P.J., and JONES, BRADY and INZER, JJ., concur.