325 So.2d 912 (1976)
Christine HORTON
v.
William E. BROOKS.
No. 48500.
Supreme Court of Mississippi.
February 3, 1976.
*913 J.A. White, Durant, for appellant.
Brooks & Guyton, Koscisuko, for appellee.
Before GILLESPIE, WALKER and BROOM, JJ.
WALKER, Justice.
This is an appeal from the Circuit Court of Holmes County which entered a judgment based upon a jury verdict in the amount of $1,500 in favor of appellant for damages resulting from an automobile and truck collision. The appellant being aggrieved at the amount of the judgment takes this appeal. We reverse with suggestion of additur.
The accident out of which the damages arose occurred on Friday, September 14, 1973, at about 8:30 p.m. The appellant was unconscious from the time of the accident until Saturday morning, September 15, 1973. She thereafter remained in the hospital from September 14 until October 2, 1973, when she was released. The appellant was discharged from her physician's care on December 17, 1973. Her injuries from the accident consisted of a fracture of both bones of the left forearm, two fractured ribs and a small laceration on her forehead. The doctor testified that the injuries appellant received were painful and uncomfortable; that the fracture to her left arm necessitated an operation to reduce the fracture and for the insertion of two large compression plates; that the arm is not as strong as the normal arm; and that "... she has some limitation of this motion we call pronation and supernation  has about 25% limitation here  has a little limitation of the wrist flexion that we call  about 25% there." In addition to her personal injuries, appellant proved specials of $560 allowed to be considered by the jury. When $560 is subtracted from the jury verdict of $1,500, it is apparent that the jury assessed appellant's personal injuries at only $940.

I.
The first question presented for our consideration is whether the verdict of the jury was so grossly inadequate as to evidence bias or prejudice on the part of the jury and to shock the conscience of the court. We are of the opinion that it was. There is no showing of contributory negligence on the part of the appellant. She occupied the status of a guest passenger and no negligence may be imputed to her under the facts presented. We are aware of the rule that a jury has a wide latitude in assessing damages. However, a verdict should be in such an amount as to reasonably compensate a person who is entitled to recover for injuries and damages sustained; and, we do not hesitate to set aside those verdicts which wholly failed so to do. In a case where a person who is not negligent is injured by the negligence of another to the extent of being knocked unconscious for sereval hours; suffered a fracture of both bones of the left forearm necessitating an operation and the insertion of compression plates with an ultimate loss of 25% supernation and pronation movement of that portion of the arm and 25% loss of flexion of the wrist; suffered two broken ribs and a laceration of the forehead; was hospitalized for 18 days; disabled for a total of 94 days; and had special expenses of $560, it is our opinion that a jury verdict of $1,500 for those damages and injuries is unconscionable and must be set aside.
*914 We are also of the opinion that this is a case where the suggestion of an additur is appropriate as permitted under Mississippi Code Annotated section 11-1-55 (Supp. 1975). Therefore, if the appellee, William E. Brooks, accepts an additur within fifteen days in the amount of $6,000 to make a total judgment of $7,500, this cause will be affirmed. If the appellee fails to enter an additur within the time suggested, this cause will be reversed and remanded to the lower court for a new trial on the question of damages only.

II.
The appellant next contends that the lower court erred in not instructing the jury, as requested by appellant, that under certain circumstances it could assess punitive damages. We have carefully considered the record in this regard and are of the opinion that this was a case, at most, of simple negligence and that there were no facts upon which a jury could have assessed punitive damages.

III.
The next question presented is whether the hospital expenses which were paid by Medicaid were recoverable by appellant as an element of her damages.
The lower court refused to permit the appellant to include in her instructions to the jury that it could consider her hospital bill as an element of damages.
In support of her contention that the lower court erred in this regard she cites Coker v. Five-Two Taxi Service, Inc., 211 Miss. 820, 826, 52 So.2d 356, 357 (1951), where it quoted from 25 C.J.S. Damages § 99, which states:
"`Compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages, and, by some authorities, this rule also applies to payment of salary or expenses.
`The wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him. Under this general rule, insurance in behalf of the injured person cannot be set up by the wrongdoer in mitigation of the loss.' To the same effect is 15 Am.Jur., Damages, Sec. 201."
Appellant also quotes 15 Am.Jur. Damages, section 199, page 615 (1938), where it is said:
The fact that medical attention and nursing have been rendered gratuitously to one injured by the wrongful act of another will not preclude the injured party from recovering the value of such services as a part of his compensatory damages.
And 15 Am.Jur. Damages, section 201, page 617 (1938), where it says:
It is well settled that the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him and to the procurement of which the wrongdoer did not contribute. This is equally true although the defendant was not guilty of any wrongdoing or negligence, if the law has made him liable for the injury in their absence. This rule is not affected by the fact that the insurer is entitled to be subrogated to the rights of the insured as against the tortfeasor or to recover back from him the amount he recovers. The question of the rights to the proceeds of the recovery is a matter between the insurer or the insured; it constitutes no defense to an action for the damages caused by the wrong which must be brought in the name of the insured, although it might *915 be for the use of the insurer. The reasons generally given for the rule are that the contract of insurance and the subsequent conduct of the insurer and the insured in relation thereto are matters with which the wrongdoer has no concern and which do not affect the measure of his liability. The insurance is to be treated as a mere indemnity and the insured and insurer are regarded as one person, so that payment by the insurer before suit brought cannot affect the right of action. The rule applies in cases of accident insurance, insurance against loss from the payment of hospital bills, life insurance, and insurance against injury to, or the destruction of, property.
Of the same character as insurance money proper are the sick benefits and other aids received from benefit societies, fraternal societies, and other organizations of that class. Benefits received by the plaintiff from a source other than the defendant and to which he has not contributed are not to be considered in assessing the damages. The same has been held true of compensation received by an employee from a benefit fund maintained by the employer.
On the other hand, the appellee relies upon Mississippi Code Annotated, section 43-13-125 (1972), to support his position that the hospital bill is not recoverable by the appellant. That section reads as follows:
If medical assistance is provided to a recipient under this article for injuries, disease or sickness caused under circumstances creating a cause of action in favor of the recipient against any person, firm or corporation, then the commission shall be entitled to recover the proceeds that may result from the exercise of any rights of recovery which the recipient may have against any such person, firm or corporation to the extent of the actual amount of the medical assistance payments made by the commission on behalf of the recipient. The recipient shall execute and deliver instruments and papers to do whatever is necessary to secure such rights and shall do nothing after said medical assistance is provided to prejudice the subrogation rights of the commission.
The commission may compromise or settle any such claim and execute a release of any claim it has by virtue of this section.
Any amounts recovered by the commission under this section shall, by the commission, be placed to the credit of the funds appropriated for benefits under this article proportionate to the amounts provided by the state and federal governments respectively.
We are of the opinion that the hospital bill which was paid by the Mississippi Medicaid Commission was not recoverable as an element of appellant's damages. The Commission is a creature of the Legislature set up to administer and oversee the disbursement of benefits to persons entitled thereto. In so doing, the Legislature had the right to impose limitations and conditions upon which the funds would be disbursed. One of the conditions imposed was that the Commission would be entitled to recover the proceeds resulting from the exercise of any rights of recovery which the recipient may have against any person, firm or corporation to the extent of the actual amount of the medical assistance payments made by the Commission on behalf of the recipient. The act clearly provides that the recipient "... shall do nothing after said medical assistance is provided to prejudice the subrogation rights of the commission." Miss. Code Ann. § 43-13-125 (1972).
In our opinion, this statute clearly gives the Medicaid Commission the exclusive right to make claim for or bring suit for sums paid by the Medicaid Commission for medical assistance to a recipient for injuries, disease or sickness caused under circumstances creating a cause of action *916 in favor of the recipient against any person, firm or corporation.
The authorities relied upon by the appellant which permit an injured person to recover for medical assistance paid gratuitously or by insurance companies, benefit societies, fraternal societies, employers and other collateral sources are not applicable where the benefits are paid by Medicaid, as the statute gives the exclusive right of recovery for such payments to the Medicaid Commission.
The judgment of the lower court is affirmed if the appellee enters an additur, in writing, within fifteen days from the date this judgment becomes final; otherwise, the judgment of the lower court is reversed and the cause remanded for a new trial on the question of damages only.
Affirmed on condition of additur in the amount of $6,000 making a total judgment of $7,500; otherwise, reversed and remanded for a new trial on damages only.
GILLESPIE, C.J., RODGERS, P.J., and PATTERSON, INZER, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.