ROBERTSON, Justice,
dissenting from denial of Petition for Rehearing:
I.
With respect, I suggest that the Court erred in its decision of January 4, 1989, when it found merit in Henry E. Elam, Ill’s Assignment of Error No. 3 and reversed and remanded for a new trial. The conflict in the instructions on liability could not in any legally cognizable way have prejudiced the jury, for on the issue at bar the jury nevertheless gave Elam the most favorable result possible: it found Pilcher liable. Under the long standing rule of this Court, any error in such context is harmless as a matter of law.
Nor do I find any error in Assignment of Error No. 1, the Circuit Court’s refusal to order an additur. Considering the nature and extent of Elam’s personal injuries and the fact that the jury was well within its prerogatives in finding him guilty of substantial contributory negligence, the jury’s verdict awarding damages in the sum of $37,500 was not so inadequate as to require an additur or, in the alternative, a new trial on the issue of damages. To the contrary, the verdicts was quite responsive to the evidence.
II.
The Court’s opinion states fairly the facts on the liability phase of the case. By way of contrast, the brief summary of Elam’s damages found on page seven violates a fundamental rule of appellate review, for it fails to consider the facts in the light most (reasonably) consistent with the verdict. See Payne v. Rain Forest Nurseries, Inc., 540 So.2d 35, 37 (Miss.1989). Hence, I add a word on the point.
The evidence reflects that Elam sustained several broken bones, was hospitalized and required to wear a cast for a short period of time. The treating physicians testified that he recovered extremely well and is able to live a normal day-to-day life. In addition, there is no question that the jury readily saw that Elam’s own actions in getting the “party” together and voluntar *818 ily riding with a driver under the influence was a contributing cause of his injuries.
Several physicians testified for Elam at trial, including Dr. John Purvis, an orthopedist, Dr. Terrell D. Blanton, an ear, nose and throat specialist, and Dr. James Baugh, a clinical psychologist. Dr. Purvis stated that while Elam sustained a broken arm, fractured pelvis, fractured wrist and broken tibia, he made excellent progress in recovery and ambulated early. Dr. Purvis stated that the only disability which resulted from the injuries sustained in the accident was the healing of the tibia which caused a turned-in gait. Dr. Purvis stated that this disability was “cosmetic” and that his rating of ten percent (10%) impairment to the lower extremity was based on the fact that this was a purely anatomical problem with absolutely no effect on Elam’s ability to earn a living or live a normal day-to-day life.
Dr. Baugh conducted a psychological evaluation of Elam and found a “chronic psychological maladjustment.” Dr. Baugh acknowledged that he could not rule out the possibility this was due to preexisting conditions or factors or causes other than the accident in question.
Dr. Blanton stated that in his opinion, Elam had suffered a thirty percent (30%) to thirty-five percent (35%) conducive hearing loss in his right ear, but he would not be affected in normal conversation. Elam has since had no significant problems with his ear and does not wear a hearing aid. Elam has taken no prescription drugs since leaving the hospital and was having no significant problems at the time of trial.
Elam’s parents, Plaintiffs as well, claim monetary damages of $23,143.36 as a proximate result of the accident in question. Some $4,500.00 of the total $23,143.36 claimed by Elam were losses resulting from attending Mississippi State University and Hinds Junior College following the accident. At the time of trial, Elam had switched majors and pulled his average up to 2.4 at Mississippi State University and was getting married in August, 1986. It is reasonable to assume that the jury felt that Elam made an excellent recovery and had no significant permanent injury.
III.
It is true that at trial the Circuit Court instructed the jury to find for Elam on the question of liability[1] and immediately thereafter granted two instructions which submitted to the jury the question of Pilcher’s negligence.[2] It is true that this was error. What is critical to keep in mind in considering the legal effect of this error is (1) the conflicting instructions concerned *819 the issue of Pilcher’s liability and (2) the jury’s verdict resolved that issue in the way most favorable to Elam and most unfavorable to Pilcher. As a verdict on liability is all that Elam could possibly have acquired — and what in the end he did acquire, where is the harm?
A host of closely related points appear in our cases. Where at trial — over the objection of the party later taking the appeal— the court erroneously instructs the jury on a liability issue, we have in a variety of contexts held the error harmless where the jury nevertheless resolved THAT issue in favor of the appealing party. Illinois Central Railroad Company v. Paxton, 187 Miss. 858, 865, 193 So. 915, 917 (1940); Dicus v. Republic Paint & Varnish Works, 128 Miss. 189, 192, 90 So. 729, 730 (1922); Hoover Commercial Co. v. Humphrey, 107 Miss. 810, 820-21, 66 So. 214, 216 (1914). Closer to the mark are our cases where on the evidence a party was entitled to a directed verdict but did not get one. Where the jury found for that party anyway, errors in jury instructions on liability are deemed harmless, moot or immaterial. See, e.g., Dunn v. Jack Walker’s Audio Visual Center, 544 So.2d 829, 833 (Miss.1989); Griffin v. Gladden, 197 So.2d 891, 894 (Miss.1967); Wallace v. J.C. Penney Co., 236 Miss. 367, 373-74, 109 So.2d 876, 878 (1959); Horton v. Jones, 208 Miss. 257, 263, 44 So.2d 397, 400 (1950). The common rationale undergirding the holdings of these cases is that the jury verdict on the point at issue gave the appealing party the most favorable result he could have received on that issue had the trial court handled the point correctly.
Scott v. K-B Photo Service, Inc., 260 So.2d 842 (Miss.1972) supports affirmance. In a wrongful death action the jury found for plaintiff for $6,718.00. Plaintiff appealed, arguing that the damage award was inadequate and specifically assigned as error the trial court’s refusal to direct a verdict for plaintiff on liability. Scott holds the point moot in that the jury found for plaintiff on liability anyway.
The majority relies upon Griffin v. Fletcher, 362 So.2d 594 (Miss.1978). In Griffin, the trial court had submitted to the jury two contradictory instructions, one directing a verdict for plaintiff on liability and the other submitting to the jury all issues on liability. The two instructions flatly contradicted each other, and, in the context of a result at trial of a jury verdict for the defendant, the Court ordered a new trial. The point to be emphasized here is that the jury verdict in Griffin was the least favorable and most adverse to the party against whom the error was committed. Today’s case presents the precisely opposite situation. The ultimate verdict on the issue where the error was made was the most favorable result Elam could have received. Only by ignoring both juridical logic and common sense may we suggest that Griffin constitutes authority of any relevance whatsoever today.
We considered an analogous point only recently in Dunn v. Jack Walker’s Audio Visual Center, 544 So.2d 829 (Miss.1989). Dunn recognized that an “unreasonably low” damage award may suggest a compromise verdict, 544 So.2d at 833. Concurring, Presiding Justices Hawkins and Dan M. Lee said the same thing, viz. “a patently modest verdict should be a factor in determining whether the error was prejudicial.” 544 So.2d at 834 [Hawkins, J., concurring]. But a $37,500.00 verdict may hardly be said patently modest where, as here, the evidence suggests near complete physical recovery, the likelihood of no permanent loss of wage earning capacity, and substantial contributory negligence. See George v. Perkins, 221 So.2d 717, 718 (Miss.1969) (“the jury no doubt adjusted its verdict consistent with the law and facts on the question of contributory negligence”).
IV.
A similar result follows when we consider the majority’s suggestion that the Circuit Court erred when it refused to grant Elam an additur. In considering the jury’s $37,000.00 damage award, we must look both to the damages experienced by Elam and, as well, his own negligence. Our law for years has recognized that a guest passenger who voluntarily rides in an automo *820 bile with a driver who is visibly intoxicated may be held negligent and thus his personal injury recovery reduced in proportion to his negligence. Indeed, in extreme circumstances, such action on the part of a voluntary passenger can constitute assumption of risk. Morris v. Lammons, 243 Miss. 684, 139 So.2d 867 (1962); Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947); Chapman v. Powers, 150 Miss. 687, 116 So. 609 (1928).
Our most recent case on the point is Hill v. Dunaway, 487 So.2d 807 (Miss.1986) which presented a fact situation quite similar to today’s. The plaintiff, a guest passenger, voluntarily rode in a vehicle with a driver with whom he had jointly consumed at least a six-pack of beer. Although there was evidence that Dunaway, the defendant driver, had not had anything to drink during the hour immediately preceding the wreck, he admitted on cross-examination that he was “under the influence” at the time of the accident. There was also evidence that defendant almost ran off the side of the road shortly before the accident. Plaintiff Hill suffered serious injuries necessitating several operations and total medical and hospitalization expenses were $30,782.61. Also, Hill claimed loss of wages in the amount of $10,660.00. Hill appealed from a jury verdict in his favor in the amount of $50,000.00 on the basis that the verdict was grossly inadequate. The Court upheld the granting of the comparative negligence instruction and then refused to reverse the Circuit Court for its denial of plaintiffs motion for an additur or for a new trial. Considering both the fact of Plaintiff Hill’s negligence and, as well, the most favorable view of Hill’s damages from the point of view of the defendant, the $50,000.00 verdict was not so grossly inadequate as to require appellate intervention.
The Circuit Court in the case at bar had authority to grant an additur only if it found the jury’s damage award so shockingly low that it evinced bias, passion or prejudice or was contrary to the overwhelming weight of the evidence. Miss.Code Ann. § 11-1-55 (Supp.1988); Gibbs v. Banks, 527 So.2d 658, 660 (Miss.1988); Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1245 (Miss.1985); Hynum v. Smith, 447 So.2d 1288, 1290 (Miss.1984). This twin standard necessarily vests a certain discretion in the Circuit Court. Having in mind the evidence of Elam’s negligence and, as well, the evidence of Elam’s •damages when viewed most favorably to the defendant, Pilcher, we may not say that the Circuit Court abused its discretion when it refused to order an additur. Dunn v. Jack Walker’s Audio-Visual Center, 544 So.2d at 833; Hill v. Dunaway, 487 So.2d at 811; compare Pham v. Welter, 542 So.2d 884, 888-89 (Miss.1989).
I would grant the petition for rehearing and affirm the judgment of the Circuit Court.
ROY NOBLE LEE, C.J., and ANDERSON, J., join in this opinion.

. The peremptory instruction on liability as presented to the jury reads:
You are instructed by the court that under the law, the Defendant, David W. Pilcher, was negligent in the operation of the 1981 Oldsmobile and that such negligence was a proximate cause or proximate contributing cause to the damages of the Plaintiff.

. Pilcher requested and was granted the following instructions:
You are instructed by the court that the charged [sic] laid by the Plaintiffs against the Defendant in this case is one of negligence. You may not presume that the Defendant was negligent. In other words, the Plaintiffs may recover on his charge of negligence against Defendant only if such charge is sustained by a preponderance, or greater weight, of the credible evidence, and it is not the duty of the Defendant to disprove the charge, but, rather, the law casts the burden of proof in respect thereto upon the Plaintiff; and such charge of negligence must be sustained by a preponderance of the credible evidence, and if the Plaintiffs have failed to make such proof against Defendant, then it is your sworn duty to return a verdict for the Defendant, David W. Pilcher. Emphasis supplied.
and
You are instructed by the court that in passing upon such questions as are submitted to you for your decision, the jury must not be swayed or influenced by the natural sympathy all men instinctively feel for one who has been injured. Sympathy should not enter into your verdict, for your verdict should be based solely on the evidence presented to you and the instructions of this court, and the burden of proof at all times rests upon plaintiffs to prove to you by a preponderance of the credible evidence that David W. Pilcher was guilty of negligence and, further, that such negligence, if any you find, was a proximate and contributing cause of the injury complained of, and, unless Plaintiff has so proven, then it is your sworn duty to return a verdict for the Defendant, David W. Pilcher. Emphasis supplied.