544 So.2d 829 (1989)
Felix Henry DUNN[1]
v.
JACK WALKER'S AUDIO VISUAL CENTER, a Mississippi Corporation.
No. 58311.
Supreme Court of Mississippi.
May 10, 1989.
Ben F. Galloway and Owen, Galloway & Clark, Gulfport, for appellant.
James N. Compton and Compton, Crowell & Hewitt, Biloxi, for appellee.
*830 En Banc.
ROBERTSON, Justice, for the Court:

I.
Today's plaintiff/appellant, for whom the jury found on liability, assigns error in the Circuit Court's refusal to direct a verdict for him on that very same issue. Because the jury was left to grapple with the issue of liability when it should not have been, the $7,500.00 damage award given plaintiff should be regarded as the product of a "confused jury" and a "compromise verdict", or so the argument goes.
Our review convinces us that the error, if any, in refusal to direct a verdict for plaintiff on liability was rendered harmless, as on the evidence before it, the jury's damages award was not unreasonably low. We affirm.

II.
On January 24, 1985, Dr. Felix Henry Dunn was driving his Mercedes-Benz in an easterly direction along U.S. Highway 90 in Biloxi, Mississippi, when, without warning, he was struck from the rear by an Isuzu pickup driven by an employee of Jack Walker's Audio Visual Center, a Mississippi corporation. Three months later, Dunn commenced this civil action when he filed his complaint in the Circuit Court of Harrison County, Mississippi, naming the Walker corporation as defendant.
On December 16, 1985, Plaintiff Dunn moved for partial summary judgment on the issue of liability. In due course, on April 7, 1986, the Circuit Court entered an order granting Dunn's motion on the issue of Walker's negligence only, then directing that "this matter shall proceed to trial on the issues of proximate cause and entitlement to damages, if any."
The Circuit Court called the case for trial on January 21, 1987. At the conclusion of the trial, Dunn requested that the Court direct a verdict in his favor and against Walker on the issue of liability. See Rule 50(a), Miss.R.Civ.P.[2] The Court denied the request and submitted all issues to the jury.[3] Indeed, it appears that the jury was never fully advised of the partial summary judgment granted Dunn on the issue of Walker's negligence.[4] In due course, the jury returned a verdict in favor of Plaintiff Dunn and assessed "his damages at $7,500.00," upon which final judgment has been entered. Plaintiff timely moved for an additur or, in the alternative, a new trial on the question of damages. On February 13, 1987, the Circuit Court denied this motion. The present appeal has followed.

III.

A.
Plaintiff Dunn charges error in the Court's denial of his motion for an additur *831 or, in the alternative, a new trial on damages only. We assume, without deciding, that on the evidence Plaintiff Dunn was entitled to have the Court direct a verdict in his favor on the issue of liability. The evidence reflects a rear end accident. Plaintiff Dunn was struck from the rear by an Isuzu pickup truck driven by an employee of Jack Walker's Audio Visual Center. There is no suggestion that Dunn was contributorily negligent or that the accident resulted from any cause not attributable to Walker. Our question becomes whether the failure of the Circuit Court to direct a verdict on liability may be grounds for reversal where the jury has in fact found for plaintiff on the issue of liability.
A host of closely related points appear in our cases. Where at trial  over the objection of the party later taking the appeal  the court erroneously instructs the jury on a liability issue, we have in a variety of contexts held the error harmless where on that issue the jury nevertheless found for the appealing party. Illinois Central Railroad Company v. Paxton, 187 Miss. 858, 865, 193 So. 915, 917 (1940); Dicus v. Republic Paint & Varnish Works, 128 Miss. 189, 192, 90 So. 729, 730 (1922); Hoover Commercial Co. v. Humphrey, 107 Miss. 810, 820-21, 66 So. 214, 216 (1914). Closer to the mark are our cases where on the evidence a party was entitled to a directed verdict but didn't get one. Where the jury found for that party anyway, errors in jury instructions on liability are deemed harmless, moot or immaterial. See, e.g., Griffin v. Gladden, 197 So.2d 891, 894 (Miss. 1967); Wallace v. J.C. Penney Co., 236 Miss. 367, 373-74, 109 So.2d 876, 878 (1959); Horton v. Jones, 208 Miss. 257, 263, 44 So.2d 397, 400 (1950). The common rationale undergirding the holdings of these cases is that the jury verdict on the point at issue gave the appealing party the most favorable result he could have received had the trial court handled the point correctly.
Two cases within the principle that controls this appeal are of note. McLeod v. Whitten, 413 So.2d 1020, 1023-24 (Miss. 1982); Wallace v. J.C. Penney Co., 236 Miss. 367, 373-74, 109 So.2d 876, 878 (1959). Both are personal injury actions in which the trial court erroneously submitted to the jury assumption of risk instructions. In each the jury found for the defendant, and the plaintiff appealed, arguing that the bad instruction in part confused the jury and produced the adverse verdict. In each case the Court found error in the granting of the assumption of risk instruction and then held the error harmless. In McLeod, the Court noted that the jury expressly found the defendant "not guilty of negligence," precluding the notion that the erroneous assumption of risk instruction had any legally cognizable effect. In Wallace, the Court held the defendant not negligent as a matter of law and thus entitled to a directed verdict on liability in any event, again rendering harmless any error in granting the assumption of risk instruction.
Dunn's argument on appeal is that the refusal of the Circuit Court to direct a verdict for him on the issue of liability confused the jury and produced a compromise verdict, that is, one where the jury compromised between the issues of liability and amount of damages.[5] He falls into fallacy when he suggests that the possibility of a compromise verdict proves that one did in fact occur. That a jury's verdict was far more modest than a plaintiff's immodest view of his damages hardly suggests that the jury was confused.
Boyd v. Smith, 390 So.2d 994 (Miss. 1980) arguably supports Dunn's appeal. Properly read, Boyd remands for a new trial on damages only because no rational trier of fact could on the evidence have found plaintiff's damages were only $5,000.00. Boyd, 390 So.2d at 999-1000. Beyond that, Boyd appears a bit outside the mainstream of our case law noted above. On the other hand, Scott v. K-B Photo Service, Inc., 260 So.2d 842 (Miss. 1972) superficially supports affirmance. In a wrongful death action the jury found for *832 plaintiff for $6718.00. Plaintiff appealed, arguing that the damage award was inadequate and specifically assigned as error the trial court's refusal to direct a verdict for plaintiff on liability. On concededly distinguishable facts, Scott holds the point moot in that the jury found for plaintiff on liability anyway. The law in these cases requires that we consider well the evidence on causation and damages.

B.
Felix Henry Dunn is a resident of Gulfport, Mississippi, who at the time of trial was sixty-seven years of age. He has been engaged in the active practice of medicine in the Gulfport area since 1953. Dr. Dunn is what is commonly referred to as a family practitioner. In his complaint, Dunn claimed $150,000.00 in actual and compensatory damages. At trial, he offered evidence that he had probably suffered a herniated disc at the seventh cervical nerve root, that he had experienced pain and suffering, that he had incurred some $771.03 in medical bills and that he had experienced loss of income between $15,000.00 and $16,000.00. The disc suggestion came from Dr. Harry A. Danielson, a neurosurgeon, who saw Dunn but once  on August 19, 1986, almost nineteen months post-accident, and who opined without benefit of x-rays, myelography or a C.A.T. scan.
The defense hotly disputed this evidence, urging, first and foremost, that Dunn's pain and disability were related to advanced arthritis which he had suffered for approximately fifteen years prior to the accident. Dr. Dunn first sought no medical care or treatment the day of the accident. The next morning, January 25, 1985, he went to the emergency room at Memorial Hospital in Gulfport and was seen by Dr. Sydney A. Smith, a neurologist. Dr. Smith did not regard Dr. Dunn as seriously injured, suggesting that he lay off work "for a few days and get some physical therapy and get up to snuff and then go back to work." Dr. Smith saw Plaintiff Dunn six weeks later and found him in pain but attributed that to preexisting osteoarthritis and not the accident.
Defense evidence reflected that Dr. Dunn's income stream in the year following the accident actually increased over its pre-accident level. The defense reasonably interprets the testimony of Dr. Danielson to mean that there was really nothing to limit the functional capabilities of Dr. Dunn after the accident.
There is no question but that our law condemns compromise verdicts. See Vicksburg Chemical Co. v. Thornell, 355 So.2d 299, 302 (Miss. 1978). Before we will disturb a verdict on that ground, however, the complaining party must establish that the verdict was indeed a compromise verdict. See Index Drilling Co. v. Williams, 242 Miss. 775, 137 So.2d 525, 530 (1962); Buckeye Cotton Oil Co. v. Owen, 122 Miss. 14, 84 So. 133 (1920). It is within our judicial knowledge that parties concerned about the point often request that the jury be instructed that it may not compromise between the question of liability and damage. See, e.g., Whittley v. City of Meridian, 530 So.2d 1341, 1345 (Miss. 1988). Plaintiff Dunn requested no such instruction at trial.
Dunn calls our attention to Griffin v. Fletcher, 362 So.2d 594 (Miss. 1978) and Moak v. Black, 230 Miss. 337, 92 So.2d 845 (1957) but finds no comfort there. In Griffin, the trial court had submitted to the jury two contradictory instructions, one directing a verdict for plaintiff on liability and the other submitting to the jury all issues on liability. The two instructions flatly contradicted each other and we ordered a new trial. The controlling distinction is that in Griffin the jury found for the defendant, while here the jury found for Plaintiff Dunn on liability. Put otherwise, in Griffin the jury decided the liability issue in the way least favorable to plaintiff, while here the jury resolved that issue in the way most favorable to plaintiff  in the way the issue would have been resolved had the Circuit Court at trial handled the point correctly. Moak was to like effect, although other erroneous instructions also contributed to our order for reversal. Here the jury received no conflicting instructions.
*833 The point in the end is that the Circuit Court's error, if error it was, in failure to direct a verdict for plaintiff on the question of liability, is surely cured and rendered harmless where the jury subsequently returns a verdict for plaintiff.[6] In the converse circumstance, the court's refusal to direct a verdict for the defendant is surely cured where the jury returns a verdict for the defendant. And the same of the case at bar. Absent evidence that the jury's damages award was unreasonably low and thus unresponsive to the evidence, we may only conclude that plaintiff received at the hands of the jury the most favorable result available had the error not been committed.
We noted the point in dicta in Trainer v. Gibson, 360 So.2d 1226 (Miss. 1978). The plaintiff in that case had asserted that the defendant was negligent as a matter of law. The jury had found for plaintiff and awarded $10,000.00 in damages. The court reversed and remanded on other grounds and en route stated
The appellant contends that the court erred by failing to grant a peremptory instruction that Defendant Gibson was guilty of negligence. Although not reversible error since there was ultimately a verdict for the plaintiff, for purposes of retrial, we hold that the plaintiff should have been granted a peremptory instruction on the issue of liability.
360 So.2d at 1229 (emphasis added). To like effect are Scott v. K-B Photo Service, Inc., 260 So.2d 842, 844-45 (Miss. 1972); McClure v. Georgia Power Company, 171 Ga. App. 257, 319 S.E.2d 93, 96 (1984); Ramsey Brick Sales Company v. Outlaw, 152 Ga. App. 37, 262 S.E.2d 227, 230 (1979); Sloan v. North Kansas City Security Patrol Services, 591 S.W.2d 224, 225 (Mo. App. 1979); Martineau v. Anderson, 636 P.2d 1039, 1041-42 (Utah 1981).
Where the circuit court erroneously refuses to direct a verdict in favor of a plaintiff on the question of liability, and where the jury subsequently returns a verdict for plaintiff on the question of liability and awards damages, we declare that, as a matter of law, the failure of the circuit court to have directed a verdict for the plaintiff on the question of liability is harmless error, unless the plaintiff proves that the error has in fact produced a compromise verdict. Beyond that, even in such cases we will look askance at a plaintiff's plea on appeal where he has made no request that the jury be instructed that it may not return a compromise verdict.

C.
The Circuit Court had authority to grant an additur only if it found the jury's damage award so shockingly low that it evinced bias, passion or prejudice or was contrary to the overwhelming weight of the evidence. Miss. Code Ann. § 11-1-55 (Supp. 1988); Gibbs v. Banks, 527 So.2d 658, 660 (Miss. 1988); Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1245 (Miss. 1985); Hynum v. Smith, 447 So.2d 1288, 1290 (Miss. 1984). This twin standard necessarily vests broad discretion in the Circuit Court. Having in mind the evidence of Dr. Dunn's damages as discussed above, we may not say that the Circuit Court abused its discretion when it refused to order an additur.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER and ANDERSON, JJ., concur.
HAWKINS and DAN M. LEE, P.JJ., specially concur by separate written opinion.
PITTMAN and SULLIVAN, JJ., dissent by separate written opinion.
BLASS, J., not participating.
*834 HAWKINS, Presiding Justice, specially concurring:
I concur in the affirmance of this case, but I do believe there is merit in Justice Pittman's observations.
I do not believe we should assume a circuit judge's erroneous refusal to give a peremptory instruction on negligence is automatically, and always cured by a jury verdict in favor of the party requesting the instruction. It may or may not have been cured, and a patently modest verdict should be a factor in determining whether the error was prejudicial.
DAN M. LEE, P.J., joins this opinion.
PITTMAN, Justice, dissenting:
In the instant case there was an Order by the trial court granting plaintiff Dunn's motion on the issue of Walker's negligence directing that "this matter shall proceed to trial on the issues of proximate cause and entitlement to damages, if any". Thereafter, the trial court instructed the jury by Instruction No. C. 02 in regard to the burden of proof of the plaintiff, clearly setting out that the burden of proof is a preponderance of the evidence and further instructing the jury if the plaintiff failed the burden, they should find for the defendant. This instruction is contrary to the trial court's earlier finding as a matter of law, that Walker was negligent. The court below also granted Instruction C. 00 as to form which instructed the jury that they could find "for the Defendant" which under the original finding of the court as to liability, the jury could not do. Further, the facts of the case support the summary judgment on the liability issue and preclude any other finding. To secondarily instruct the jury otherwise is to so confuse the jury that this Court should find reversible error.
It is fiction for this Court to assume that when the trial court fails to properly instruct the jury on behalf of the plaintiff as to liability and to further allow the jury to second guess or reconsider liability as established by law is to denigrate or mitigate a right of the plaintiff at trial. It lessens the plaintiff's case and requires more of him than the law requires. Certainly it is intended that jury instructions carry weight with those sitting to decide a case. For this Court to assume that the failure to affirmatively instruct the jury that the defendant Walker was negligent under the law did not hurt the plaintiff's case because the jury ultimately found for the plaintiff, is to render jury instructions given by the trial court as unimportant and meaningless. The instruction in this case created a higher burden than the plaintiff had in law and that is to deny the plaintiff what the law gave him.
This writer would reverse and remand for a new trial.
SULLIVAN, J., joins this opinion.
NOTES
[1] Felix Henry Dunn has filed a petition in bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi, NO. 88-09598SEG. By Order entered by the Bankruptcy Court on March 6, 1989, Dunn, as Debtor in Possession under Chapter 11 of the Bankruptcy Act, has been authorized to prosecute this appeal to final decision on the merits.
[2] The Rule 50(a) request for a directed verdict at the close of a party's evidence is the functional equivalent of our prior procedure of requesting a peremptory instruction. Maxwell v. Illinois Central Gulf Railroad, 513 So.2d 901, 903-04 (Miss. 1987); White v. Miller, 513 So.2d 600, 602 n. 2 (Miss. 1987); Upton v. Magnolia Electric Power Association, 511 So.2d 939, 943 (Miss. 1987); Jones v. Hatchett, 504 So.2d 198, 205 (Miss. 1987).
[3] Instruction No. C. 02 submitted to the jury reads as follows:

The person or party who claims that certain facts exist, must prove them by a preponderance of the evidence. The obligation is known as the burden of proof. The burden of proof is upon the plaintiff to prove the facts necessary for his case by a preponderance of the evidence.
If the plaintiff fails to establish any essential element of his claim by a preponderance of the evidence, then you should find for the defendant.
The Court also granted a form of the verdict instruction, No. C. 00, which reads as follows:
It is not necessary that all twelve of you agree upon a verdict in this case. When any nine or more of your members have agreed upon a verdict, it may be returned in the court as the verdict of the entire jury.
Your verdict should be written on a separate sheet of paper, need not be signed and may be in one of the following forms:
If you find for the Plaintiff:
"We, the Jury, find for the Plaintiff, and assess his damages at $ ____."
If you find for the Defendant:
"We, the Jury, find for the Defendant."
[4] The Circuit Judge who presided at the trial was not the same judge who had earlier partially granted Dunn's motion for partial summary judgment.
[5] A useful discussion of the phenomenon of the compromise verdict appears in National Railroad Passenger Corporation v. Koch Industries, Inc., 701 F.2d 108, 110 (10th Cir.1983).
[6] There is an analogous principle in our criminal law. Where an accused, indicted for murder, is at trial entitled as of law to a directed verdict of acquittal on the murder charge, a subsequent jury verdict of guilty of the lesser offense of manslaughter cures the trial court's error in submitting the murder charge to the jury. See, e.g., Kinkead v. State, 190 So.2d 838, 839 (Miss. 1966); Crockerham v. State, 202 Miss. 25, 31-32, 30 So.2d 417, 419 (1947).