FAIR, J.,
for the Court:
¶ 1. Kathryn Loyacono sued Watacha Shelby and Travelers Insurance Company for negligence in connection with an automobile accident. In the Warren County Circuit Court, the jury found in favor of Loyacono but awarded zero damages. Loyacono appealed. Finding that the jury verdict was against the overwhelming weight of the evidence and that the trial court erred in submitting causation to the jury, we affirm in part and reverse and remand this case for a new trial on damages alone.
FACTS
¶ 2. Loyacono was driving home when Shelby backed into Loyacono’s vehicle. Anticipating the accident, Loyacono stopped her vehicle before the Shelby vehicle made contact. Loyacono was transported to the hospital by ambulance complaining of back and neck pain. She was treated for muscle spasms and released that day.
*983 ¶ 3. Shelby was uninsured, so Loyacono sued Shelby and her own insurance company, Travelers, for uninsured motorist coverage. At trial, an orthopedic surgeon, Dr. Daniel Dare, testified that the accident had caused muscle strain in Loyacono’s neck and back. Dr. Don Jackson, Loyaco-no’s dentist, stated that she had cracked her teeth by grinding them in pain. Kit Bonner, a physical therapist, testified that Loyacono had never fully recovered her pre-crash functionality. Loyacono explained that she experienced chronic pain, was unable to work, and was unable to travel and visit her grandchildren.
¶4. Shelby described the incident as “tapping” Loyacono’s vehicle as she was backing out. There was no damage to Shelby’s vehicle, and she did not think anyone could have been injured in, the collision.
¶ 5. A defense expert in biomechanics, Dr. Richard Allnutt, explained that this collision did not involve sufficient force to activate the vehicle’s break-away bumper or air bag and that such a collision would likely only result in muscle soreness for a few days. Dr. Keith Melancon, an orthopedic surgeon, explained that Loyacono had been diagnosed with a disc hernitation and degenerative-disc disease before the accident. He stated that Loyacono likely strained some of her neck and back muscles but that any injury would only last for about four to five weeks.
¶ 6. After deliberation, the jury returned a verdict in favor of Loyacono but awarded zero damages. Loyacono now appeals asserting that the jury’s award was against the overwhelming weight of the evidence and that the jury instructions were unclear.
STANDARD OF REVIEW
¶ 7. A circuit court’s refusal to grant a new trial is reviewed for abuse of discretion. Bobby Kitchens, Inc. v. Miss. Ins. Guar. Ass’n, 560 So.2d 129, 132 (Miss.1989). To determine whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict. Motorola Commc’ns & Elecs., Inc. v. Wilkerson, 555 So.2d 713, 723 (Miss.1989).
DISCUSSION
1. Weight of the Evidence
¶ 8. A new trial may be granted “when the verdict is against the overwhelming weight of the evidence, or when the jury has been confused by faulty jury instructions, or when the jury has departed from its oath and its verdict is a result of bias, passion, and prejudice.” Bobby Kitchens, 560 So.2d at 132. “A new trial becomes appropriate when a[n] ... error within the trial mechanism itself has caused a legally incorrect or unjust verdict to be rendered.” Solanki v. Ervin, 21 So.3d 552, 569 (¶ 46) (Miss.2009) (citation omitted). “Generally, the only evidence of corruption, passion, prejudice, or bias on the part' of the jury is an inference, if any, to be drawn from contrasting the amount of the verdict with the amount of the damages.” Green v. Grant, 641 So.2d 1203, 1209 (Miss.1994). A jury’s award is not to be set aside unless it is entirely disproportionate to the injury sustained. Ill. Cent. R.R. v. Gandy, 750 So.2d 527, 534 (¶ 26) (Miss.1999) (citation omitted).
¶ 9. Loyacono had the burden of proving her injuries and damages. After carefully reviewing the record, we find that evidence of Shelby’s fault for the accident and Loyacono’s injury as a result of the accident was uncontradicted. However, the evidence conflicted regarding the extent of Loyacono’s injury as a result of this accident.
*984 ¶ 10. Both plaintiff and defense experts agreed that Loyacono had suffered some injury. Dr. Melancon, for the defense, testified that Loyacono had muscle strain after the accident and that her injury would have healed in four to five weeks without any permanent impairment. Dr. Allnutt, also for the defense, agreed but believed most of Loyacono’s subsequent pain was caused by her degenerative-disc disease. Despite this evidence, the jury awarded zero damages.
¶ 11. In Knight v. Brooks, 881 So.2d 294, 297-98 (¶ 12) (Miss.Ct.App.2004), this Court held that because it was clear Knight had suffered some injury from an accident, a jury award of zero damages was against the overwhelming weight of the evidence. Similarly, in McCary v. Caperton, 601 So.2d 866, 870 (Miss.1992) (overruled on other grounds by Robinson Prop. Grp., L.P. v. Mitchell, 7 So.3d 240, 244-45 (¶¶ 11, 15) (Miss.2009)), the Mississippi Supreme Court held that where a peremptory instruction on liability was given and unrefuted evidence of injury and damages was presented, the jury’s verdict for the defendant on damages was against the overwhelming weight of the evidence. Based on the evidence in this record, we are compelled to conclude that the jury’s award of zero damages was against the overwhelming weight of credible evidence.
2. The Thompson Decision
¶ 12. We must recognize the recent Mississippi Supreme Court decision of Thompson v. Nguyen, 86 So.3d 232 (Miss.2012). Nguyen bumped into the back of Thompson’s car while Thompson was stopped at a red light. Id. at 235 (¶ 2). Neither car was damaged, but after several days, Thompson was treated for neck pain. Id. at (¶ 3). Testing revealed that Thompson had degenerative-disc disease, which ultimately required surgery. Id. at (¶ 4). She filed suit against Nguyen claiming that her symptoms did not begin until after the accident and continued to cause her daily neck pain. Id. at (¶ 5). Experts testified that Thompson’s symptoms were related to the accident or aggravated by the accident. Id. at (¶6). The jury awarded Thompson $9,131, which was the exact amount of her physical-therapy bills. Id. at 236 (¶ 10). The supreme court upheld the denial of Thompson’s motion for a new trial finding that the award being only four percent of the requested damages did not evidence bias, passion, or prejudice. Id. at 238 (¶¶ 21-22).
¶ 13. While we acknowledge the supreme court’s holding in Thompson, we believe Loyacono’s case is distinguishable. Unlike Thompson, Loyacono was not awarded any portion of her medical bills; she was not even nominally compensated for the ambulance ride and emergency-room visit immediately following this accident. It is inconsistent for the trial court to find in favor of Loyacono on her negligence claim and then allow the jury to award zero damages.
3. Juror Confusion
¶ 14. There is also evidence of juror confusion and faulty instruction in this case. When the defense rested, Loyacono moved for a directed verdict, arguing that all experts had agreed the accident caused her some injury. The court sustained the motion and granted Loyacono a directed verdict. But the court refused instruction P-16, which read: “The Court instructs the jury to return a verdict in favor of the plaintiff, Kathryn Loyacono.”
¶ 15. Instead, the trial court submitted special interrogatories to the jury with five questions. Question number one was answered by the court before submitting the form to the jury. It read:
*985 1. Do you find that the Defendant, Wa-tacha Shelby was negligent and caused or contributed to the accident in question? Yes X No-
Question number three was submitted to the jury as follows:
3. Do you find that the collision of July 25, 2005, caused or contributed to by the negligence of Watacha Shelby, proximately resulted in injuries and damages to Kathryn Loyacono?
After considering the evidence, the jury returned the following verdict in response to question number three:
No 11 Yes 1
One juror remained after the jury was dismissed and informed the court that the jury had put a zero in the blank on instruction P-6, but had misplaced the piece of paper. Instruction P-6 read, in part: “We the jury, find for the Plaintiff and assess her damages at $_” This seems to be what the court relied upon in awarding zero damages.
¶ 16. Apparently, the trial court directed a verdict for Loyacono on the issues of negligence and liability. This conflicted with special interrogatory question three, which effectively cancels that finding by allowing the jury to determine causation. It is error for a court to give instructions that “are likely to mislead or confuse the jury as to the principles of law applicable to the facts in evidence....” Moak v. Black, 230 Miss. 337, 351, 92 So.2d 845, 851 (1957). Therefore, it was error for the court to grant a directed verdict and then submit causation to the jury. “Under these circumstances, the task of the jury was to determine the extent of [the plaintiffs] injuries and loss, not whether any existed.” McCary, 601 So.2d at 870.
CONCLUSION
¶ 17. The trial court correctly directed a verdict on liability but then improperly submitted the issue of causation to the jury. This error allowed the jury to render a damage award that was against the overwhelming weight of the evidence. “[W]here a jury correctly decides the issue of liability but proves to have rendered a damage award tainted by prejudice, the reviewing court may appropriately remand for a new trial on damages alone.” Johnson v. Fargo, 604 So.2d 306, 311 (Miss.1992) (citation omitted). We therefore affirm the finding of the trial court in favor of Loyacono but reverse and remand this case for a new trial on damages alone.
¶ 18. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.