JAMES, J.,
dissenting:
¶ 26. The majority holds that the doctrine of res judicata bars the issues raised in the ease at bar. Further, the majority finds that there was no evidence supporting an exception to the Full Faith and Credit Clause of the United States Constitution, and that summary judgment is proper. I would find, however, that such an exception exists, and I respectfully dissent.
¶ 27. It is required by the- United States Constitution to give full faith and credit to the final judgments of other state and federal courts. Schwartz v. Hynum, 933 So.2d 1039, 1042 (¶ 9) (Miss.Ct.App.2006). However, if “the fqreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered, or the rendering court did not have jurisdiction over the parties in the subject matter,” there is a basis to challenge the foreign judgment. Id. (internal citation omitted). Price does not contend that this case falls within either of those categories. Instead, Price argues that the procedural flaws during the course of litigation were so great that they amounted to a due-process violation. In the order granting summary judgment, the trial court failed to address the due-process exception that Price alleged was applicable. The court based its summary judgment on the lack of a finding of “extrinsic fraud.”
¶28. Here, in the underlying action, Cashpoint filed a complaint in the New York Bankruptcy Court alleging that Price owed $2,111,373.79. Price, however, through discovery, reiterated that he did not possess the guaranty document that established the alleged debt. Price did, however, produce certain tax returns and other personal banking information before the default judgment was entered. The bankruptcy court then entered a default judgment against Price after several requests to produce a document that, according to Price, did not exist.
¶ 29. Price was repeatedly ordered to produce a document that clearly did not exist, and after Pereira failed to satisfy his own burden of production, a default judgment was granted when Price failed to appear at a hearing, because Price stated that the notice he was given contained the wrong date and time. This additional fact raises serious due-process concerns that were erroneously ignored by the trial court.
¶ 30. Generally speaking, a plaintiff has the burden of proof. Thompson v. Nguyen, 86 So.3d 232, 237 (¶ 13) (Miss.2012). “A defendant is not required to prove or rebut anything.” Id. It appears that the bankruptcy court shifted that burden onto Price to prove that he owed the debt that Cashpoint alleged.
¶ 31. Cashpoint brought its suit without the signed guaranty form in its possession. The failure to produce such a document violates the statute of frauds. Under this doctrine, it is required that certain types of contracts be in writing. City of Hernando v. N. Miss. Util. Co., 901 So.2d 652, 656 (¶ 17) (Miss.Ct.App.2004). Many jurisdictions have adopted some form of the statute of frauds, including New York, where the bankruptcy action originated. The New York statute states:
An agreement, promise, undertaking or contract, which is valid in other respects and is otherwise enforceable, is not void for lack of a note, memorandum or other ■writing and is enforceable by way of action or defense provided that such agreement, promise, undertaking or contract is a qualified financial contract as defined in paragraph two of this subdivision and (a) there is, as provided in *1176 paragraph three of this subdivision, sufficient evidence to indicate that a contract has been made, or (b) the parties thereto, by means of a prior or subsequent written contract, have agreed to be bound by the terms of such qualified financial contract from the time they reach agreement (by telephone, by exchange of electronic messages, or otherwise) on those terms.
N.Y. Gen. Oblig. Law § 5-701 (McKinney 2014) (emphasis added). Here, the only evidence offered is a conformed copy of the guaranty, which does not contain an original signature. There is not sufficient evidence to indicate that a contract hád been made or that both parties agreed to be bound.
¶ 32. The Mississippi Supreme Court has stated “[t]o most of us its [ (due process’s) ] central meaning simply is even handed fairness in legal proceedings.” Miss. Power Co. v. Goudy, 459 So.2d 257, 270 (Miss.1984). The Fifth Circuit has recognized the rule that “a judgment, whether in a civil or criminal case, reached without due process of law is without jurisdiction and void, and attackable collaterally by habeas corpus if for crime, or by resistance to its enforcement if a civil judgment for money.” Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir.1949). The United States Supreme Court has reinforced this rule by holding “[a] State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment.” Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).
¶ 33. The trial court failed to give any credence to the third recognized exception and facially dismissed Price’s counterclaims. There exist genuine issues of material facts regarding the due-process claim. Therefore, I would reverse this case and remand it to the trial court for further proceedings.